IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYLEAH WEMH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1730 (MN) |
| ) | |
| NEWPORT POLICE DEPARTMENT, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Tyleah Wemh, Newark, DE – Pro Se Plaintiff

April 7, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Tyleah Wemh ("Plaintiff") filed this action on December 8, 2021. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

Plaintiff explains that a police officer from Defendant Newport Police Department ("NPD") previously tried to kill her boyfriend, and on December 5, 2021, she had an encounter with the same police officer when she was giving her boyfriend a ride. (D.I. 2 at 4, 5). The Complaint refers to Officer Jones 8045 but he not a named defendant. Plaintiff alleges the officer tried to kill her and her boyfriend when the officer rammed into the back of Plaintiff's car and put a gun to her head. (*Id.*). The police seized her car and kept yelling at her about her boyfriend. (*Id.*). The other named Defendant is Newport Insurance Company.

Plaintiff suffered injuries to her back, neck and head. (*Id.*). She seeks five million dollars in damages.

II. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must, however, grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

#### A.    Criminal Charges

The Complaint states that the basis for jurisdiction is a defendant who is the United States or a federal official or agency. The civil cover sheet also states that this matter arises under 18 U.S.C. § 242 which is a federal criminal statute. There are, however, no federal defendants. And to the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the federal criminal statute, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*,

83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the claim raised under 18 U.S.C. § 242 will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  42 U.S.C. § 1983

To the extent Plaintiff intended that the Complaint raise civil rights claims under 42 U.S.C. § 1983, the allegations are deficient. To prevail on a § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Thomas v. Tice*, 948 F.3d 133 138 (3d Cir. 2000). Here, however, there are no allegations that either Defendant is a state actor. Assuming the NPD is a state actor, the claim against it, nonetheless fails. In order for a civil rights plaintiff to successfully sue a municipal entity under § 1983, Plaintiff must show that her injury was caused by municipal policy or custom. This is true whether the remedy sought is money damages or prospective relief. *See Los Angeles County v. Humphries*, 562 U.S. 29 (2010). The Complaint contains no such allegations. And, again, although the Complaint refers to an Officer Jones 8045, he is not a named defendant and it is not clear if he is the officer to whom Plaintiff refers.

### IV.  CONCLUSION

For the above reasons, this Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will, however, be given leave to amend.

An appropriate Order will be entered.